FILED

2010 OCT 20 P 3: 21

MARY PARKEY CIRCUIT CLEI
BY DEPUT

## IN THE CIRCUIT COURT OF MILLER COUNTY, ARKANSAS

| | |
|---|---|
| ALLEN THATCHER, Individually and as Class Representative on Behalf of all Similarly Situated Persons, | § § § |
| PLAINTIFF | § § |
| vs. | § § CV-*2010-527-1* |
| THE HANOVER INSURANCE GROUP, INC. and THE MASSACHUSETTS BAY INSURANCE COMPANY. | § § § § |
| DEFENDANTS | § § CLASS ACTION |

## PLAINTIFF'S CLASS COMPLAINT

COMES NOW Plaintiff, Allen Thatcher, individually and as class representative on behalf of all similarly situated persons, and submits the following Complaint against Defendants, The Hanover Insurance Group, Inc. and The Massachusetts Bay Insurance Company.

### INTRODUCTION AND NATURE OF CASE

1.    For years, Defendants have improperly profited at the expense of their customers by wrongfully underpaying claims for loss or damage to real property under homeowners insurance policies. These underpayments, in the form of failing to pay general contractors' overhead and profit ("GCOP"), have generated extensive profits and ill-gotten gains to Defendants. Although an insurance company has the right to make a profit, it cannot do so to the detriment of its customer. Defendants' failure to compensate their insureds for benefits to which they are entitled constitutes fraud, constructive fraud, breach of contract and results in Defendants' unjust enrichment.

2.     GCOP is simply the fee paid for the services of a general contractor.  GCOP is owed by Defendants when certain circumstances arise under a homeowner's loss.  Specifically, when it is reasonably likely an insured will incur the costs associated with retaining the services of a general contractor to repair or replace damaged property, GCOP is a necessary element of compensation owed to the customers.  It is a paid-for benefit to the customer.

3.     General contractors customarily add a percentage to the total estimate for a job to cover their fee (overhead and profit).  The percentage assessed for overhead and profit within the construction and insurance industries is 20% of the estimated job.  This payment enables the customer to obtain the services of a general contractor to assist with the various matters involved in a property loss.  When owed, payment for GCOP should be 20% of the amount paid by Defendants to complete repairs to the damaged property.  Thus, where the repair costs on a job equal $10,000, the GCOP payment will be an additional $2,000.

4.     Defendants provide their customers nothing explaining entitlement to GCOP.  Thus, the customer is never made aware of their possible entitlement to such benefits.  Without an allowance for GCOP, the customer must either: a) pay the general contractor out of his/her own pocket; b) go without the services of a general contractor; or c) do the general contracting work himself/herself for free.  As long as Defendants can avoid making this additional 20% payment, they have no concern over which of these options is chosen by their customers.  This case presents the Court with an opportunity to ensure that not only Plaintiff, but all similarly situated insurance customers, are fully compensated for their property losses.

5.     As a result of Defendants' actions, Plaintiff and the Class were damaged because they received payments from Defendants that were less than they were entitled to for their homeowners' losses.

2

**PARTIES**

6.      Allen Thatcher ("Plaintiff") is a citizen of the State of Arkansas and a resident of Texarkana, Miller County, Arkansas, and was a resident of Miller County at all times relevant to this Complaint.  The property insured by Defendants and at issue in this matter is located in Miller County, Arkansas.

7.      Defendant The Hanover Insurance Group, Inc. is a foreign insurance company, incorporated under the laws of the State of Delaware with its principal place of business in Massachusetts, subject to personal jurisdiction in Arkansas. Defendant The Massachusetts Bay Insurance Company is a foreign insurance company, incorporated under the laws of the State of New Hampshire with its principal place of business in Massachusetts, subject to personal jurisdiction in Arkansas.

**JURISDICTION AND VENUE**

8.      This is a class action lawsuit seeking money damages pursuant to Arkansas Rule of Civil Procedure 23.  Plaintiff files this lawsuit for the purpose of certifying a class of Arkansas-only Plaintiffs pursuant to A.R.C.P. 23.

9.      Defendants are subject to personal jurisdiction in the state of Arkansas because of (a) their systematic and continuous contacts with the state of Arkansas; (b) the systematic and continuous contacts of their agents and/or representatives with the state of Arkansas; (c) the systematic and continuous contacts of their parent, subsidiary and affiliate entities with the state of Arkansas; and/or (d) their participation in the alleged GCOP Scheme, which affects Arkansas consumers.  Defendants are amenable to service under the Arkansas long-arm statute and the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.

3

10. Defendants have purposefully availed themselves of the privilege of conducting activities within Arkansas, thus invoking the benefits and protections of its laws. Defendants or their agents or subsidiaries have or had customers residing in Arkansas; have or had claims arising from within Arkansas or involving Arkansas residents; have or had agents in Arkansas; have advertised in Arkansas; have been subject to or defended lawsuits in Arkansas; and/or affiliated themselves with persons operating and/or conducting business in Arkansas. Further, it was reasonably likely that any Defendant could be hailed into court in Arkansas based on their knowing participation in the GCOP Scheme which each Defendant knew would directly affect Arkansas residents. These actions by the Defendants constitute sufficient minimum contacts with Arkansas to warrant this Court's exercise of jurisdiction over them.

11. The amount in controversy for Plaintiff and each Class member is less than $75,000 for purposes of federal jurisdiction. Plaintiff expressly stipulates to seek less than $75,000 total recovery, including costs and expenses, court costs, pre and post-judgment interests, and attorneys' fees, for each Plaintiff or Class Member.

12. The total amount in controversy is less than $5,000,000, exclusive of interest and costs, for purposes of federal jurisdiction. Specifically, the claims of Plaintiff and all Class Members are less than $5,000,000 when aggregated, exclusive of interest and costs. Plaintiff makes no claim for declaratory on injunctive relief. Plaintiff specifically disclaims any actual or potential entitlement to punitive damages.

13. Defendants are properly joined pursuant to Arkansas Rules of Civil Procedure 23 and 20(a). Rule 23(a) provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all..." Plaintiff is a member of the proposed class, as defined herein, because he was a customer of The Massachusetts Bay Insurance Company, who received

4

payments, directly or indirectly, from The Massachusetts Bay Insurance Company for physical loss or damage to his dwelling under his homeowners insurance policy, such dwelling located in the State of Arkansas, at any time between January 1, 2004 and December 31, 2009. Therefore, he is an appropriate representative and brings this lawsuit on behalf of all class members under Rule 23.

14.     Further, Defendants are properly joined pursuant to Rule 20(a), *Permissive Joinder*, which provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

First, Defendants are properly joined pursuant to Arkansas Rule of Civil Procedure 20(a) because this lawsuit arises from a series of transactions and occurrences related to underpayment of GCOP in connection with Plaintiff's claim for physical loss or damage to his dwelling and multiple common questions of law or fact exist, as detailed herein.  Plaintiff and all Class Members seek the same relief against Defendants related to Defendants' underpayment of GCOP. Second, and as a completely independent and alternative basis for joinder, Defendants are properly joined pursuant to Arkansas Rule of Civil Procedure 20(a) because Plaintiff seeks relief jointly and severally from each Defendant based on the alleged GCOP Scheme. Third, and as a completely independent and alternative basis for joinder, Plaintiff is entitled to maintain this class action as to each Defendant, even in the absence of a direct relationship with such

5

Defendant, under the juridical links doctrine.  Two exceptions to the general rule that one must have a direct relationship with all defendants apply in class action proceedings:  1) situations in which all of the injuries are the result of concerted schemes between the defendants; and 2) instances in which all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious.  Defendants are properly joined under the juridical links doctrine.

15.    Plaintiff incorporates by reference any and all facts alleged in this Complaint for purposes of establishing venue in Miller County, Arkansas.  Venue for this proposed Rule 23 class action is proper in Miller County, Arkansas.  First, venue is proper in Miller County, Arkansas, pursuant to Arkansas Code Annotated Section 16-55-213. This is a class action. Pursuant to section 16-55-213, venue is proper in a class action in the county of residence of any properly joined named class representative.  Plaintiff is undisputedly a citizen of the State of Arkansas and resident of Miller County, Arkansas.  Plaintiff was a resident of Miller County, Arkansas at the time his dwelling was damaged, at the time his claim was adjusted, at the time payment was made for loss or damage to his dwelling, and at the time the lawsuit was filed. Therefore, venue is proper in Miller County, Arkansas pursuant to Section 16-55-213.  Because of the clear and unambiguous operation of Section 16-55-213 in the context of a proposed class action, venue is proper as to Plaintiff and all Defendants in Miller County, Arkansas due to the residency of Plaintiff in Miller County, Arkansas.  Second, and completely independently, venue is also proper in Miller County, Arkansas pursuant to Arkansas Code Annotated Section 16-60-113(b), which states:

> Any action for any type of fraud may be brought in the county where any one (1) plaintiff resides or any one (1) defendant is located, in the county where one (1) or more of the acts utilized to induce, perpetuate, or conceal the fraud was performed, or in the county from which an act or one (1) or more of the

6

fraudulent acts or part of a scheme to defraud was originated or was communicated from or into by telephone, mail, or other means orally or in writing.

Plaintiff asserts an action for fraud herein, which triggers the applicability of the alternative Section 16-60-113(b) venue rule. Undisputedly, Miller County is a county where one Plaintiff, Allen Thatcher, resides. Therefore, venue is proper under Section 16-60-113(b) because this is a fraud action and any one Plaintiff resides in Miller County, Arkansas. Defendants are also located in Miller County, Arkansas for venue purposes because they do business in Miller County, Arkansas. Therefore, any one Defendant is located in Miller County, Arkansas for venue purposes under Section 16-60-113(b). Additionally, one or more of the acts utilized to induce, perpetuate or conceal the GCOP Scheme was performed in Miller County, Arkansas. Under Section 16-60-113(b), the claim of Plaintiff was adjusted in Miller County, Arkansas; the dwelling at issue for Plaintiff is located in Miller County, Arkansas; and one or more acts related to the GCOP fraud occurred in Miller County, Arkansas. Specifically, the Defendants who adjusted Plaintiff's claim in Miller County, Arkansas committed acts of fraud in Miller County, Arkansas as detailed below.

## RELEVANT FACTUAL BACKGROUND

16.    Plaintiff is a customer of the Defendants and maintained a homeowners insurance policy with Defendants at all times relevant to this matter. At all times mentioned herein, Defendants owed a fiduciary duty and/or special duty to Plaintiff.

17.    At all times mentioned herein, Defendants were obligated to make payments to Plaintiff under his homeowners insurance policy for loss or damage to his residence, home, house, dwelling and other structures (collectively "dwelling") occasioned by certain events or occurrences.

18.     Plaintiff's dwelling (which is located in Miller County, Arkansas) sustained physical loss and damage as the result of certain events on or about March 31, 2008 that triggered Defendants' obligation to pay Plaintiff for all loss and damages occasioned thereby.

19.     Thereafter, Plaintiff properly requested payment from the Defendants for the loss and damage to his dwelling.

20.     Defendants confirmed that Plaintiff's dwelling had in fact sustained loss and damage and that Defendants had an obligation and duty to pay Plaintiff for all damages to Plaintiff's dwelling.

21.     Although Plaintiff fulfilled any and all obligations or promises imposed upon him, Defendants failed to properly pay Plaintiff for the loss to his dwelling.  Specifically, Defendants failed to pay Plaintiff an additional 20% of the amount provided by Defendants to complete repairs to his dwelling for GCOP.

22.     Because of the fiduciary duty owed by Defendants to Plaintiff and/or the special relationship between Defendants and Plaintiff, Defendants had an obligation to disclose certain material facts and information to Plaintiff.

23.     At the time Defendants' adjuster(s)/agent(s) inspected the Plaintiff's dwelling, it was reasonably likely that Plaintiff would incur the costs associated with retaining the services of a general contractor.  However, Defendants failed to disclose to Plaintiff that it was likely that Plaintiff would incur the costs associated with retaining the services of a general contractor and that Plaintiff was entitled to payment from Defendants for the cost of retaining the services of a general contractor.

24.     Therefore, Plaintiff should have received payment for GCOP with his payment from Defendants. Defendants had a duty to disclose that Plaintiff was entitled to payment for GCOP, yet Defendants instead concealed this material information from Plaintiff.

25.     Although the services of a general contractor were reasonably likely to be incurred, Defendants made no payment for GCOP to Plaintiff.

26.     Pursuant to their handling of Plaintiff's loss, Defendants have a practice of not including required payments for GCOP in connection with loss or damage to dwellings under homeowners policies in Arkansas. Further, pursuant to their handling of Plaintiff's loss, Defendants have a practice of not disclosing to Plaintiff and other customers that Plaintiff and other customers are entitled to GCOP as part of the damages suffered from the loss under homeowners insurance policies.

27.     Plaintiff's claims in this suit only relate to losses arising under homeowners insurance policies. No other types of policies or coverage, such as flood insurance and or fire insurance, are at issue.

28.     As discussed herein, Defendants engaged in a fraudulent scheme to conceal the availability of GCOP and entitlement to payments for GCOP from their insureds. ("GCOP Scheme"). As a result of the GCOP Scheme, Defendants wrongfully profited by failing to properly pay GCOP when owed to their insureds.

29.     Further, with respect to the conduct alleged herein, the Defendants acted as agents or servants of one another, served or acted as the alter ego of one another, and/or acted in concert.

30.     As a result of the Defendants' actions, each Defendant is liable for the improper acts of the other.

## CLASS ALLEGATIONS

31.     Plaintiff brings this lawsuit on behalf of himself, and all other persons similarly situated, pursuant to A.R.C.P. 23. The Class that the Plaintiff seeks to represent consists of:

> Any and all customers of The Massachusetts Bay Insurance Company, who received payments under a homeowners insurance policy, directly or indirectly, for physical loss or damage to their dwelling, such dwelling located in Arkansas, at any time between January 1, 2004 and December 31, 2009. Excluded from the Class are: (1) Defendants and all directors, officers, employees, partners, principals, shareholders and agents of Defendants; (2) Persons or entities who timely opt-out of this proceeding using the correct protocol for "opting-out" that will be formally established by this Court; (3) any and all Federal, State and/or Local Governments, including, but not limited to, their Departments, Agencies, Divisions, Bureaus, Boards, Sections, Groups, Councils and/or any other subdivision, and any claim that such governmental entities may have directly or indirectly; (4) Any currently-sitting Arkansas State Court Judge or Justice, and the current spouse and all other persons within the third-degree of consanguinity to such judge/justice; (5) Any claim which resulted in the payment of policy limits or more by Defendants; and (6) Plaintiff's Counsel.

32.     The Class comprises hundreds, and possibly thousands, of individuals geographically dispersed across Arkansas, the joinder of whom is impractical and the disposition of whose claims in a class action will provide substantial benefit to the parties and the court system. The identities of Class Members can be ascertained from Defendants' records. Joining and naming each Class Member as a co-plaintiff is unreasonable and impracticable. Such a requirement would only result in Defendants' retention of monies by which they have been unjustly and fraudulently enriched as a result of their wrongful, misleading and deceptive conduct.

33.     There is a well-defined commonality of interest in the questions of law and fact that affect the Class Members. Indeed, questions of law and fact common to the Class plainly predominate over any questions affecting only individual Class Members. Some of these common questions of law and fact are:

10

a.    Whether a fiduciary relationship and/or confidential relationship exists between the Class Members and Defendants;

b.    Whether Defendants have a duty to disclose material facts and information to Class Members;

c.    Whether Class Members are entitled to payment of GCOP in connection with loss or damage to their dwelling;

d.    Whether Class Members are entitled to request payment for GCOP in connection with loss or damage to their dwelling;

e.    Whether Defendants failed to disclose to Class Members that they may be entitled to payment of GCOP in connection with loss or damage to their dwellings.

f.    Whether Defendants failed to disclose to Class Members that they are entitled to request payment for GCOP in connection with loss or damage to their dwellings;

g.    Whether Defendants failed to pay Class Members GCOP in connection with loss or damage to their dwellings;

h.    Whether Defendants notified Class Members of their policies and procedures regarding GCOP;

i.    Whether Defendants were unjustly enriched to the detriment of the Class Members through Defendants' retention of monies that should have been paid to Class Members as GCOP;

j.    Whether Defendants' conduct constituted a fraud against the Class Members;

k.    Whether Defendants' conduct constituted a constructive fraud against the Class;

l.    Whether Defendants breached the terms of their homeowners insurance policies with Class Members;

m.    Whether Class Members are entitled to money damages for Defendants' wrongful conduct;

34.    The claims asserted by Plaintiff are typical of claims of the Class. Plaintiff is a customer of Defendants. Plaintiff received payment from Defendants for loss or damage to his dwelling under his homeowners insurance policy. In connection with the payment from Defendants for loss or damage to Plaintiff's dwelling, Defendants failed to pay Plaintiff any

amount for GCOP.  Defendants' further failed to disclose to Plaintiff that he was entitled to payment for GCOP.

35.     The Plaintiff will fairly and adequately represent the interests of the Class.  The interests of the Class are coincident with and not antagonistic to those of the Plaintiff.  The Plaintiff has the ability to assist, intelligently, in the decision-making in connection with the litigation.  Furthermore, the Plaintiff is represented by legal counsel who is both competent and experienced in this type of class action litigation.

36.     Defendants' conduct in withholding payments of GCOP in connection with loss or damage to dwellings was pursuant to policies and practices common to Class Members.  Consequently, common questions of law and fact will predominate.

37.     This Class Action is not only an appropriate method for the fair and efficient adjudication of this controversy but is, in fact, superior to all other available methods because:

a.     The joinder of hundreds or thousands of geographically diverse individual Class Members across the state of Arkansas is impracticable, cumbersome and unduly burdensome.

b.     There is no special interest by Class Members in individually controlling the prosecution of separate actions;

c.     Class Members' individual claims may be relatively modest compared with the expense of litigating the claim, making it impracticable, unduly burdensome and expensive, if not practicably impossible, to justify individual Class Members from redressing their loss;

d.     When the Defendants' liability has been adjudicated, claims of Class Members can be determined by the Court and administered efficiently and in a manner far less onerous and burdensome than if attempted through the filing of individual lawsuits;

e.     This Class Action will promote an orderly and expeditious adjudication and administration of Class claims, and promote economies of time, effort and resources;

f.     This Class Action will assure uniformity of decisions among Class Members;

g.     Without this Class Action, Class Members will go without money damages;

h.     Without this Class Action, no damages will be ordered and Defendants will be unjustly enriched and reap the benefits of the monies they have retained as a result of their wrongful and fraudulent conduct; and

i.     The resolution of this controversy through this Class Action presents fewer management difficulties than individually filed lawsuits and conserves the resources of the parties and the judicial system while protecting the rights of each Class Member.

38.     Plaintiff seeks money damages for himself and the Class for Defendants' failure to provide proper payments for GCOP. As discussed herein, when owed, payment for GCOP should be 20% of the amount paid by Defendants to complete repairs to a damaged dwelling.

## FRAUDULENT CONCEALMENT

39.     Defendants had a duty to disclose to Plaintiff his entitlement to GCOP. Defendants owe a fiduciary duty to insureds, and/or are in a special position with respect to what is owed under the homeowners policy, based on their superior knowledge of the obligations under the insurance policy, homeowner's claims process, and duties owed by insurance companies to insureds.

40.     Rather than disclosing information about entitlement to GCOP to Plaintiff, Defendants actively and fraudulently concealed information about GCOP and made specific representations that the amount paid was all that was owed under the homeowners policy, knowing such representations were false.

41.     Through the claims process, Plaintiff and Class Members asked Defendants what was owed to them under the terms of their respective homeowners policies for their claims. Defendants responded that the amount settled for was all that was owed. Defendants knew this to be false. Because of Defendants' fiduciary relationship with Plaintiff and Class Members, the

special relationship of trust between an insurance company and its insureds, and the quasi-public nature of insurance companies, Plaintiff and Class Members justifiably relied on Defendants' representation that the amount paid was all that was owed.

42.     Defendants' acts of participation in the GCOP Scheme constitute positive acts of fraud that were executed in a manner that was designed to conceal entitlement to GCOP. Plaintiff and Class Members could not have known of the GCOP Scheme or how it affected them through the exercise of reasonable diligence because of Defendants' code of silence.

43.     Defendants' acts of participation in the GCOP Scheme, and its ongoing nature, are individual affirmative acts of fraud which amount to more than a simple continuation of a prior non-disclosure.

44.     Defendants' fraudulent concealment tolls the running of any applicable statute of limitations.

## MISCELLANEOUS

45.     Any condition precedent to the institution of this lawsuit has been performed, has occurred, or has been waived.

## COUNT ONE – UNJUST ENRICHMENT

46.     Plaintiff fully incorporates into this Paragraph each and every allegation contained in Paragraphs 1 through 45 of this Complaint as if each were fully iterated verbatim herein.

47.     Plaintiff and Class Members requested that Defendants pay them what they were properly owed as a result of their homeowner's claims.

48.     Defendants made payments to Plaintiff for loss or damage to his dwelling without disclosing to Plaintiff that he was entitled to additional payment for GCOP. Defendants' conduct in this respect is unfair, unjust, deceitful, wrongful, misleading and/or fraudulent.

49.     Defendants concealed from Plaintiff that loss or damage to his dwelling entitled him to payment for GCOP.  The point of concealing this information was to allow the underpayment scheme to continue, resulting in the underpayment of Plaintiff's and Class Members' claims.  Defendants' conduct in this respect is unfair, unjust, deceitful, wrongful, misleading and/or fraudulent.

50.     Defendants made payments to Plaintiff for loss or damage to his dwelling without including any amount for GCOP.  Defendants provided documents to Plaintiff purporting to disclose what benefits he was entitled to under his homeowners insurance policy, but excluded any mention of or payment for GCOP.  Defendants conduct in this respect is unfair, unjust, deceitful, wrongful, misleading and/or fraudulent.

51.     Plaintiff was entitled both to disclosure from Defendants of his right to GCOP as well as to actual payment of GCOP.  Defendants conduct in this respect is unfair, unjust, deceitful, wrongful, misleading and/or fraudulent.

52.     Because Defendants never disclosed that Plaintiff may be entitled to GCOP, Plaintiff was put in an unfair and unjust position with respect to the issue of GCOP.  Defendants conduct in this respect is unfair, unjust, deceitful, wrongful, misleading and/or fraudulent.

53.     Defendants took unfair and/or undue advantage of Plaintiff by making payment for loss or damage to Plaintiff's dwelling without including any amount for GCOP.

54.     Defendants fully appreciated the enrichment and benefit accorded to them by retaining monies that should have been paid to Plaintiff and the Class Members as GCOP.

55.     Defendants' retention of monies that should have been paid to Plaintiff and Class Members as payment for GCOP acted to benefit Defendants at the express detriment of Plaintiff and Class Members.

15

56.     Defendants' retention of monies that should have been paid to Plaintiff and Class Members as GCOP under the circumstances set forth in this Complaint not only constitutes an act of misconduct, but also is patently unfair, unjust, inequitable, dishonest and fraudulent in relation to Plaintiff and Class Members.

57.     For all the above stated reasons, Defendants were unjustly enriched to the express detriment and disadvantage of Plaintiff and Class Members.

58.     Defendants should not be allowed to retain the amounts they should have paid to Plaintiff and Class Members as GCOP.

59.     Defendants undertook the GCOP Scheme to perpetuate the acts of misconduct, unfairness, injustice, inequity, dishonesty, fraud and/or unjust enrichment described above, and to continue to receive and retain monies that should have been paid as GCOP.

## COUNT TWO – FRAUD

60.     Plaintiff fully incorporates into this Paragraph each and every allegation contained in Paragraphs 1 through 59 of this Complaint as if each were fully iterated verbatim herein.

61.     A fiduciary duty is owed by Defendants to Plaintiff and/or a special relationship exists between Plaintiff and Defendants.

62.     Plaintiff and Class Members made inquiries to Defendant, by their submission of homeowner's claims, about what amount of money was owed to them as a result of their losses. In response, Defendants made representations and gave assurances to Plaintiff, including but not limited to the following:

   a.     that the amounts paid to Plaintiff for loss or damage to his dwelling constituted all that Plaintiff was owed by Defendants;

   b.     that the amount shown on the draft or check to Plaintiff was all that Defendants owed Plaintiff for loss or damage to his dwelling;

       c.     that the amount and/or line items shown on the written estimate provided to Plaintiff were all that Defendants owed Plaintiff for loss or damage to his dwelling.

63.     Defendants knowingly, purposefully and fraudulently concealed and hid material facts and information from Plaintiff and failed to disclose material facts and information to the Plaintiff related to GCOP, including but not limited to the following material facts and information:

       a.     that the Plaintiff was entitled to GCOP in connection with loss or damage to his dwelling;

       b.     that Defendants had a coordinated policy and practice of not paying GCOP when it was owed;

       c.     that Defendants had a policy and practice of not disclosing to Plaintiff the circumstances in which GCOP was payable; and

       d.     that Defendants had established procedures and policies regarding GCOP that were not disclosed on Defendants' written claim, marketing and other materials provided to Plaintiff.

64.     Defendants knew that receipt of such concealed and hidden information would have been important to Plaintiff and that receipt of such information would have caused Plaintiff to seek and demand full payment of GCOP.

65.     Such representations and assurances from Defendants to Plaintiff and Class Members, and such omissions, concealment and failure to disclose by Defendants, were fraudulent, false and/or misleading because the payments made did not include an amount for GCOP.

66.     Defendants knew such representations, assurances, omissions and concealment were fraudulent, false and/or misleading at the time they were made.

67.     Defendants intended for Plaintiff and Class Members to rely upon such fraudulent, false and/or misleading representations, assurances, omissions and concealment.

68.    Plaintiff reasonably and justifiably relied upon such false and/or misleading representations, assurances, omissions and concealment to his detriment and injury.   This reliance was based, among other things, on the fiduciary relationship between insurance companies and insureds, the special relationship between insurance companies and insureds, and the position of power through specialized knowledge insurance companies have over their insureds.

69.    As a result of these fraudulent, false and/or misleading representations, assurances, omissions and concealment, Plaintiff and Class Members have been harmed and Defendants were able to retain monies that should have been paid to Plaintiff as GCOP.

70.    Defendants entered into, and on the date of the filing of the Complaint remained in, the GCOP Scheme to perpetuate the fraudulent and/or misleading conduct described above and to continue to retain monies by not paying GCOP.

## COUNT THREE – CONSTRUCTIVE FRAUD

71.    Plaintiff fully incorporates into this Paragraph each and every allegation contained in Paragraphs 1 through 70 of this Complaint as if each were fully iterated verbatim herein.

72.    Because of the fiduciary duty and/or special relationship between Plaintiff and Defendants, Defendants had a duty to disclose (a) Plaintiff's right to payment for GCOP; (b) Defendants' policies and practices regarding GCOP; and (c) the circumstances under which Defendants were required to pay GCOP.

73.    Defendants' failure to disclose such material information constitutes constructive fraud, which has injured Plaintiff and Class Members in the manner described herein.

## COUNT FOUR – BREACH OF CONTRACT

74.    Plaintiff fully incorporates into this Paragraph each and every allegation contained in Paragraphs 1 through 73 of this Complaint as if each were fully iterated verbatim herein.

75.    As previously indicated, Plaintiff's dwelling was insured pursuant to a policy of homeowners insurance by the terms of which Defendants agreed to properly pay Plaintiff for losses occasioned by certain events or occurrences.

76.    Defendants' policies are standardized contracts which were drafted by the Defendants and imposed upon their policyholders without the ability to negotiate the terms. Policyholders were given the choice only of adhering to Defendants' standard policy language or rejecting the policy. As such, the policies are contracts of adhesion.

77.    All conditions precedent to Defendants' liability under their standardized homeowners insurance policies have been performed including the payment of all premiums necessary to keep the policies in effect and the presentation of claims by insured persons for losses under their homeowners policies in question.

78.    On or about March 31, 2008, Plaintiff's home was damaged by a named peril and Defendants were, pursuant to the policy of insurance, required to fully and properly pay Plaintiff for all damages occasioned thereby.

79.    Though Plaintiff fulfilled all policy obligations imposed upon him by Defendants' insurance contract, Defendants materially breached the terms of their standardized policy contracts with Plaintiff and the Class by failing to include payments for GCOP.

80.    As a result of Defendants' material breaches of their policy contracts, Plaintiff and the Class have been damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Allen Thatcher, individually and as class representative on behalf of all similarly situated persons, respectfully prays for relief and judgment against the Defendants, jointly and severally, as follows:

A.    Certifying that the action may be maintained as an Arkansas-only class action under A.R.C.P. 23, and appointing Plaintiff and Plaintiff's counsel to represent the Class;

B.    Awarding money damages to Plaintiff and Class Members from the Defendants in an amount equal to the amount that should have been paid to Class Members for GCOP, provided that Plaintiff seeks less than $75,000 total recovery for himself and each Class Member and further provided that Plaintiff does not seek double recovery by setting forth multiple theories of recovery or multiple remedies;

C.    Awarding pre-judgment interest; provided that Plaintiff seeks less than $75,000 total recovery for himself and each Class Member and further provided that Plaintiff does not seek double recovery by setting forth multiple theories of recovery or multiple remedies;

D.    Awarding attorneys' fees and costs; provided that Plaintiff seeks less than $75,000 total recovery for himself and each Class Member and further provided that Plaintiff does not seek double recovery by setting forth multiple theories of recovery or multiple remedies;

Through whatever form of relief may be available, Plaintiff seeks recovery of less than $75,000 for himself and each Class Member from all Defendants, jointly and severally, including all interest and costs, prejudgment interest, post-judgment interest, court costs, and attorneys fees. Therefore, although Plaintiff contends that Defendants are jointly and severally liable for all damages and relief owed to Plaintiff and each Class Member, Plaintiff expressly seeks less than $75,000 total—from whatever source—on behalf of himself and each Class Member and so stipulates for all purposes. Pursuant to Arkansas Rule of Civil Procedure 8(a), Plaintiff and each Class Member is limited to less than $75,000 total recovery. Further, as set forth in this Complaint, the total amount in controversy is less than $5,000,000, exclusive of interest and costs, for purposes of federal jurisdiction. Specifically, the claims of Plaintiff and all Class Members are

less than $5,000,000 when aggregated, exclusive of interest and costs.  Plaintiff makes no claim for

declaratory on injunctive relief.  Plaintiff specifically disclaims any actual or potential entitlement to

punitive damages.

Respectfully Submitted,

KEIL & GOODSON P.A.
406 Walnut Street
Texarkana, Arkansas 71854
Telephone:  870.772.4113
Facsimile: 870.773.2967

BY:

JOHN C. GOODSON
Arkansas Bar Number 90018

MATT KEIL
Arkansas Bar Number 86099

NELSON, ROSELIUS, TERRY & MORTON
P. O. Box 138800
Oklahoma City, Oklahoma 73113-8800
Telephone: 405.705.3600
Facsimile:  405.705.2573

JASON E. ROSELIUS
Arkansas Bar Number 2009014
Oklahoma Bar Number 16721

DOUGLAS A. TERRY
Arkansas Bar Number 2009104
Oklahoma Bar Number 15855

DERRICK L. MORTON
Oklahoma Bar Number 17934
Arkansas Bar Number 2009105

NIX, PATTERSON & ROACH, LLP
205 Linda Drive
Daingerfield, Texas 75638
Telephone:  903.645.7333
Facsimile: 903.645.2172

BRAD E. SEIDEL
Arkansas Bar Number 2007122

21